Filed 3/14/22  P. v. Scott CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARSHALL CURTIS SCOTT, <br><br> Defendant and Appellant. | F081690 <br><br> (Super. Ct. No. 18CM-0299) <br><br> **OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Thomas R. O'Brien, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P. J., Snauffer, J. and DeSantos, J.

Appointed counsel for defendant Marshall Curtis Scott asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On March 6, 2018, the Kings County District Attorney charged defendant with domestic violence (Pen. Code, § 273.5;[1] count 1) and false imprisonment (§ 236; count 2). The complaint further alleged defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On May 7, 2018, defendant pled no contest to both counts and admitted violating probation in two misdemeanor cases, in return for a maximum sentence of four years eight months. The trial court struck the remaining allegations.

On May 11, 2018, the trial court suspended imposition of sentence and granted defendant three years' probation with terms and conditions, including enrollment in a batterer's treatment program.

On January 10, 2019, defendant admitted violating probation. The trial court reinstated probation under the same terms and conditions.

On March 18, 2020, defendant admitted violating probation in exchange for a suspended four-year sentence and reinstatement of probation. The trial court imposed and suspended the upper term of four years on count 1 and the upper term of three years on count 2, stayed pursuant to section 654, then reinstated probation, extended to

---

[1] Statutory references are to the Penal Code.

2.

five years. A hearing was set for defendant to show proof of enrollment in the batterer's treatment program.

On May 27, 2020, defendant failed to appear, and a bench warrant was issued for his arrest.

On August 5, 2020, at a contested hearing, the trial court found defendant in violation of probation.

On September 2, 2020, the trial court terminated probation and ordered into execution the previously imposed and suspended four-year term on count 1 and stayed the three-year term on count 2. The court awarded custody credits and imposed various fines and fees.

On September 3, 2020, defendant filed a notice of appeal.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.